**JONES et al. v. KELLEY et al.**

No. 3301.

Court of Civil Appeals of Texas. El Paso.
Feb. 27, 1936.

Rehearing Denied March 19, 1936.

W. F. Nowlin and Templeton, Brooks, Napier & Brown, all of San Antonio, for appellee Kelley.

Nowlin Randolph, of San Antonio, for appellee Eagle Indemnity Co.

HIGGINS, Justice.

On June 22, 1932, Donald F. Jones entered into a contract with the state of Texas acting through the state highway engineer to construct the Salado and Cibolo Creek bridges and approaches on state highway 3A in Bexar and Guadalupe counties. The contract provided:

"It is understood that the following quantities of work to be done are approximate only, and are intended principally to serve as a guide in figuring out the bids.

"It is further agreed that the quantities of work to be done and materials to be furnished may be increased or diminished as may be considered necessary, in the opinion of the Engineer, to complete the work fully as planned and contemplated, and that all quantities of work, whether increased or decreased are to be performed at the unit prices set forth below except as provided for in the specifications."

By contract dated November 16, 1932, Jones sublet to R. F. Kelley the excavation, overhauling, embankment, jetting, ponding, and certain other work in connection with the approaches to the Salado Creek bridge in Bexar county according to the plans and specifications of the highway department. The subcontract covered work commonly known as "dirt work." The subcontract provided: "It is also agreed that the work shall be completed within forty (40) working days from the date of this agreement and for each day over, the party of the second part shall pay to the party of the first part, the sum of $50.00 per day, the second party getting the benefit of any time extension granted first party on this work."

To secure the faithful performance of the subcontract, Kelley gave Jones a bond in the penal sum of $6,000, with Eagle Indemnity Company as surety.

The bond provides: "And provided, that any alterations which may be made in the terms of the contract, or in the work to be done under it, or the giving by the contractor of any extension of time for the performance of the contract, or any other forbearance on the part of either

Eskridge & Groce, of San Antonio, for appellants.

the principal or the Contractor to the other shall not in any way release the Principal and the Surety, or either or any of them, their heirs, executors, administrators, successors, or assigns from their liability hereunder, notice to the Surety of any such alteration, extension or forbearance being hereby waived."

On December 9, 1932, by agreement between the state and Jones, the amount of work to be done on the approaches to the Salado Creek bridge was reduced in amount. The work as thus reduced was done by Kelley.

Kelley was 40 days late in the completion of the work sublet to him. He also failed to pay certain amounts owing to materialmen and laborers on the work, who filed their claims with Jones and the highway department. Out of the moneys due Jones, the department paid said claims.

Jones filed this suit against Kelley and his surety to recover the amount paid to said materialmen and laborers and the sum of $2,000 as damages for the 40 days' delay in the completion of the subcontract.

Kelley answered and filed a cross-action against Jones and the highway commission, seeking to recover a balance alleged to be due him by Jones for work done under the subcontract. The cross-action against the commission was later dismissed.

The surety answered by exceptions, general denial, special pleas, and cross-action over against Kelley.

Upon an instructed verdict judgment was rendered as follows:

In favor of Jones against Kelley and the surety for $1,024.44, being the amount paid by Jones for Kelley to materialmen and laborers. Recovery of the $2,000 sought by Jones was denied. Against Kelley upon his cross-action against Jones. In favor of the surety over against Kelley. All parties appeal.

## Opinion.

The assignments of error and their two supporting propositions submitted by Jones present but one contention, which is, that the stipulation in the subcontract obligating Kelley to pay $50 per day for each day's delay in the completion of his contract, as a matter of law, should be interpreted as a provision for liquidated damages; and, since the undisputed evidence shows 40 days' delay by Kelley, judgment

for $2,000 in favor of Jones for such sum should have been rendered, and verdict for such amount should have been instructed.

The question thus raised is whether the stipulation is to be treated as an agreement for liquidated damages or as a penalty. The decision depends upon the real intention of the parties. Eakin v. Scott, 70 Tex. 442, 7 S.W. 777, 778; Collins-Decker Co. v. Crumpler, 114 Tex. 528, 272 S.W. 772.

In the case first cited Judge Gaines said: "Stipulations for liquidated damages are generally for amounts in excess of the actual damages, and in such cases work a hardship upon the parties in default. In consequence, the courts strongly incline to treat all agreements to pay a lump sum in case of the failure to perform the terms of a contract as a mere penalty; and *in all doubtful instances*, to allow a recovery only for the actual damages." (Italics ours.)

Other cases holding that in doubtful cases such provisions will be construed as a penalty rather than an agreement for liquidated damages are Kellam v. Hampton, 58 Tex.Civ.App. 484, 124 S.W. 970, and Durst v. Swift, 11 Tex. 273.

In Britton v. Cotton States Petroleum Co. (Tex.Civ.App.) 283 S.W. 887, 890, Justice Smith said: "Unless it is clearly expressed in the bond, or so understood by the parties thereto, that the sum stipulated in the instrument is intended as liquidated damages to be paid in case of default, it will be treated merely as a penalty, or the maximum amount recoverable as damages in that event."

The contract between Jones and Kelley simply provides that Kelley should pay Jones $50 per day for each day over the 40-day period. The contract itself is entirely silent as to whether the parties intended this sum should be regarded as liquidated damages or as a penalty. Nor did the parties testify with respect to the meaning they intended the stipulation to have. So resort must be had to the subject-matter and the surrounding facts and circumstances to ascertain such intention. Consideration of these factors throws but little, if any, real light upon the subject. The contract between Jones and Kelley upon its face shows it relates to highway construction work which Jones had contracted to do for the state. The contract between Jones and the state contains no

stipulation for the payment of any sum by Jones in case of delay in the completion of his contract with the state. It does not seem reasonable to assume the parties would have intended to require Kelley to pay $50 per day as liquidated damages for delay when no such provision was contained in the contract between Jones and the state. In this connection it should be stated Jones testified he had been "assessed" a penalty of $3,000 by the highway commission for the delay, but he did not testify he had paid such assessment. If such "assessment" was unauthorized, Jones is not bound by it. He cannot be compelled to pay it. Furthermore, it is not clear that Kelley's delay was entirely responsible for the delay in the completion of the whole work undertaken by Jones. There is some evidence that Jones was delayed in the completion of the work upon the Cibolo bridge and approaches. The evidence leaves it uncertain whether Jones has in fact sustained any actual damage by reason of Kelley's delay. If he has not sustained any actual damage, the stipulation in question should not be treated as providing for the payment of liquidated damages. Collier v. Betterton, 87 Tex. 440, 29 S.W. 467, 468.

Since the contract in this case does not upon its face show it was the intention of the parties that the stipulation should be treated as liquidated damages and the extrinsic evidence leaves the real intention doubtful, and in view of the inclination of the courts "to treat all agreements to pay a lump sum, in case of the failure to perform the terms of a contract, as a mere penalty," the court in this case did not err in refusing to hold as a matter of law that the stipulation here involved was an agreement to pay $50 a day as liquidated damages for delay in the completion of the subcontract.

There are other considerations in support of this ruling. The subcontract was attached to and made a part of the petition. As heretofore stated, the contract itself does not show the intention of the parties with respect to the stipulation. In this respect the contract is uncertain, and the petition does not allege what the intention was. The petition alleges plaintiff had been compelled to pay claims of materialmen and laborers against Kelley amounting to $1,897.40, and had been penalized by the state at the rate of $50 per day for the delay in the completion of the Kelley work.

And "that under the provisions of said sub-contract said defendant R. F. Kelley became bound to pay to this plaintiff the sum of Two Thousand ($2,000.00) Dollars, *as penalty,* for this additional time required by him for the performance of said contract; that as a result of such breach of contract and *such penalty* said defendant R. F. Kelley is now indebted to this plaintiff in the total sum of $3,897.40, which he has refused to pay although having been frequently and repeatedly requested by this plaintiff so to do." (Italics ours.)

It would seem plaintiff interpreted the stipulation as a penalty provision and framed his petition accordingly by showing the actual damages sustained by him. Plaintiff is not in a position to claim the court erred in adopting the interpretation he himself placed upon it. Upon appeal Jones will not be permitted to assume an attitude inconsistent with the apparent purport of his pleadings and theory upon which he tried the case in the court below. 3 Tex.Jur. Appeal and Error, §§ 111 and 112.

The evidence shows the effect of the supplemental contract between the state and Jones was to reduce the amount of work to be done on the approaches to the Salado Creek bridge about 40 per cent. and a corresponding reduction in the amount of compensation to be paid Kelley for the work to be done by him under the subcontract. The Eagle Indemnity Company asserts this was such a change as to constitute a rescission of the original contract and substitution of a new contract which operated to release it from liability upon its bond as surety.

The subcontract upon its face shows it was to be performed subject to the plans and specifications of the highway department, which were to govern. Quoted above is the stipulation in the contract between the state and Jones stating that the quantities of work to be done are approximate only and intended principally to serve as a guide in figuring bids and authorizing the quantities of work and materials to be diminished or increased. Kelley subcontracted with reference to the provisions of the contract between the state and Jones. Under these circumstances, the diminishing of the work by the supplemental contract was authorized by the contract, and, since the bond given by the Eagle Indemnity Company expressly authorized alterations "in the terms of the

contract, or in the work to be done under it," the point made by said company is without merit.

 Appellant Kelley asserts a peremptory instruction to find in his favor upon his cross-action should have been given because Jones filed no answer thereto and a prima facie right to recover was shown by the evidence.

It was unnecessary for Jones to file a written denial of the allegations in the cross-action. McDonald v. Tinnon, 20 Tex. 245; Taylor v. Ward (Tex.Civ.App.) 102 S.W. 465; Brass v. Ry. Co., 110 Tex. 281, 218 S.W. 1040; Galveston, H. & S. A. Ry. Co. v. Pennington (Tex.Civ.App.) 166 S.W. 464.

And the evidence is insufficient to support the cross-action.

The judgment is affirmed.