McWATERS v. TUCKER et al.

BAKER v. TUCKER et al.

Nos. 12460, 12461.

Court of Civil Appeals of Texas.
Galveston.

May 28, 1952.

Robert L. Sonfield, of Houston, for relator McWaters.

Sam Hoover, of Pasadena, for relator Baker.

James W. Yancy, Jr., of Houston, for respondents.

PER CURIAM.

These two original proceedings were separately filed here under the above styles and numbers upon the docket of this Court. They were argued the same day and all parties were present upon the hearing in each instance, and by reason of the similarity they were considered together and will be disposed of in one opinion.

In cause No. 12,460, Lynn S. McWaters petitioned this Court to issue a mandamus against Respondents Robert C. Tucker and James W. Yancy, Jr., Chairman and Secretary, respectively, of the Harris County Democratic Executive Committee, to order them to accept and file his request for a place on the July 26th Democratic Primary election ballot as candidate for County Commissioner for Precinct No. 1 of Harris County, Texas. The allegations of fact of Relator McWaters' petition, so far as same are not denied, present the controlling facts. It appears therefrom: that said relator went to the office of respondent Tucker at 10 o'clock on the night of May 5, 1952, being the last day by law for filing his request to be placed on the ballot and he there procured the form of the request to be so placed upon the ballot, but there was no notary public or other officer authorized to take acknowledgments or administer oaths, available; that the form of request is so prepared as to be acknowledged before a notary public and as a part of said form there appears upon the same page the loyalty "affidavit" which is required by article 58, Chapter 6 of the new Election Code, V.A.T.S. art. 6.02; that relator signed said request and the form of said loyalty "affidavit" but said request was not acknowledged and said loyalty "affidavit" was not sworn to because no notary public was then available; that relator left said unacknowledged request, together with the executed but unsworn loyalty "affidavit", in the office of respondent Tucker with the good-faith intention of acknowledging the request and swearing to the affidavit before a notary public.

Respondents answered in substance that relator had failed to comply with the requirements of Art. 190 of the new Election Code, V.A.T.S. art. 13.12, in the respects indicated in his petition filed herein for writ of mandamus and noted above, and respondents further alleged that relator had failed to comply with the requirements of the Election Code set forth in Art. 58 in that relator failed to accompany his request with a duly sworn loyalty affidavit. Respondents further answered that the applicable provisions in Art. 190 and Art. 58 are mandatory "and must be followed literally in order to preserve the orderly conduct of nominating procedures. Otherwise the statute would have the effect of conferring discretionary or judicial power upon all County Chairmen in determining whether or not the procedures set forth in the statute need be followed in each individual case coming before * * *" each chairman in each instance.

It is set forth in the new Election Code, Section 1, Chapter 1, V.A.T.S. art. 1.01, the following: "The aim in adopting this Code is to state in plain language the laws governing the nomination and election of officers and of holding other elections, to simplify, clarify and harmonize the existing laws in regard to parties, suffrage, nominations, and elections, and to safeguard the purity of the ballot box against error, fraud, mistake and corruption, to the end that the will of the people shall prevail and that true democracy shall not perish from the Lone Star State. To that end the provisions of this Code shall apply to all elections and primaries held in this State, except as otherwise provided herein."

This statement by the Legislature is tantamount to stating that the language in which the provisions of the code has been framed, has been carefully weighed and chosen to express the Legislative will. The Legislature necessarily had to bear in mind that the provisions of the code had to be administered in many instances by officers such as respondent Tucker, who is not an attorney and who must govern his actions in conformity with the provisions of said code, and in the interest

of fairness to all candidates the Legislature must have intended uniformity of administration of the law as to enforcement of a deadline for filing.

■ Provisions of election laws which relate to voters, and, after the voters have acted by voting, will and ought to be construed as being directory on easier terms than provisions of election laws governing what is required of candidates. This, because the right to vote is a fundamental one, whereas the right to hold an office is in the nature of a privilege.

■ There was nothing unreasonable in the provisions of Art. 190 relative to what relator was required to do to get his name placed upon the ballot. There is no provision therein that the request may be amended by being acknowledged after the deadline. We think that the requirement that the request be acknowledged is as mandatory as it is that the request be filed before the deadline. This is not to say that had relator done more than is required by said section, such as swearing to the truth of the statements in his request, instead of merely acknowledging same, that such would not have been sufficient.

■ The failure of relator to accompany his said request, to be placed upon the official ballot, with a loyalty affidavit was not fatal. This, because no definite time is specified in Art. 58 for filing the loyalty affidavit, and specifically there is no requirement that same be filed contemporaneously with the request. The provision of Art. 58 merely requires that the candidate's name cannot be placed upon the official ballot unless he has furnished such loyalty affidavit. It is not pretended there is not ample time for relator to comply with the filing of said affidavit under the election procedure provided for in article 58. It is only by construction, and, we think, an improper construction, that the contention of respondents that the loyalty affidavit must be filed contemporaneously with the request and thereby filed not later than the first Monday in May, can be read into either article 58 or article 190.

■ Relator McWaters' application for mandamus to require respondents to permit relator to execute an acknowledgment to his request, and to accept same is denied. Because of said denial, relator's further request to require respondents to permit him to file his loyalty affidavit is also denied.

■■ By this procedure relator has invoked the original jurisdiction of this Court, which is a concurrent jurisdiction with the Supreme Court. There is no appeal from the exercise of such jurisdiction by this Court to the Supreme Court. But the action by this Court is, of course, not binding upon the Supreme Court and relator may resort to the Supreme Court for a more authoritative interpretation of the laws here involved, with respect to the factual situation here presented, because of the shortness of the time remaining for relator to obtain relief, and because there is no provision for a motion for rehearing in this proceeding, and because such a motion for rehearing is not a step to invoke the jurisdiction of the Supreme Court, no motion for rehearing will be entertained, and relator may by direct application to the Supreme Court seek the issuance of his prayed-for writ of mandamus which this Court has felt constrained to deny.

In cause No. 12,461 Relator, Andrew Z. Baker, petitioned this Court for a writ of mandamus against Respondents, Robert C. Tucker and James W. Yancy, Jr., officers as stated in the foregoing opinion, to require them to accept and file his request for a place on the July 26th Democratic Primary election ballot as candidate for State Representative, Place 5, of Harris County, Texas. The allegations of fact of relator Baker's petition, so far as same are not denied, present the controlling facts. It appears therefrom: that relator Baker literally complied with the requirements of article 190 with reference to filling out his request and properly acknowledging same. It further appears that the jurat to the loyalty "affidavit" has been properly executed. However, relator's signature did not appear in the blank space

left in the form therefor. Relator's signature was of course attached to the request and appeared upon the same page and above the blank place contemplated by the form of the loyalty affidavit for the signature to be affixed.

Accompanying said relator's petition for mandamus is the envelope in which his request and unsigned loyalty affidavit was mailed to respondent Tucker. There is upon said envelope the U. S. postmark at Houston, Texas, and said postmark shows that same was mailed in the U. S. mails at 10:30 p. m. on May 5, properly stamped and properly addressed to respondent Tucker at his office in Houston, Texas, and it is not denied that respondent Tucker received said envelope and its said contents in due course the following day and that he opened same and that he has refused to file same.

The only failure to comply with the statutory requirements claimed by respondents is that relator failed to have said envelope and its contents transmitted to respondent Tucker by Registered U. S. Mail. There is no suggestion that the postmark is not authentic and genuine, and it establishes absolutely as a matter of law that the same was duly deposited in the U. S. mails at the time indicated, and there is no suggestion that transmittal by the U. S. Registered mail would have been more efficacious or more speedy than the open mail proved to be. We deem that respondent Tucker was not justified in failing to accept said application as the same would in no-wise interfere with the uniformity of the administration of the election laws by him.

Relator Baker's request for a writ of mandamus to require respondent Robert C. Tucker to duly file relator's request is granted, and respondent Tucker, for the reasons stated in the foregoing opinion, is ordered to accept, as tendered in proper time relator Baker's loyalty affidavit if promptly tendered, and properly sworn to and in the form heretofore tendered by said relator.

A motion for rehearing by respondents in this case will not be entertained for the reason as stated in the foregoing opinion and their remedy is to seek a writ of mandamus from the Supreme Court in order 'to obtain a more authoritative construction of the laws here involved upon the situation here involved.