PANHANDLE & SANTA FE RAILWAY
COMPANY, a Corporation, Relator,

v.

Honorable James G. DENTON, District
Judge, 99th Judicial District, Lubbock
County, Texas and G. M. Butler, Respondents.

No. 6503.

Court of Civil Appeals of Texas.

Amarillo.

May 23, 1955.

Rehearing Denied June 27, 1955.

McWhorter, Howard, Cobb & Johnson,
Lubbock, and Lewis Jeffrey, Amarillo, for
relator.

Gallagher, Francis, Bean, Wilson & Berry, Dallas, for respondents.

NORTHCUTT, Justice.

This matter is before this court upon petition for writ of mandamus to require the trial judge to enter a judgment herein nunc pro tunc on the verdict of the jury in favor of relator as against the respondent, G. M. Butler. The question to be determined is whether this court should issue a writ of mandamus requiring the trial court to reinstate the jury verdict in the original hearing and to render judgment upon the verdict.

This was a suit for damages and originally brought and tried under the Federal Employers' Liability Act, § 3, 45 U.S.C.A. § 53 which is as follows:

"In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: Provided, That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the

safety of employees contributed to the injury or death of such employee. Apr. 22, 1908, c. 149, § 3, 35 Stat. 66."

The case was tried to a jury upon twenty-nine special issues. Some of the issues were answered by the jury and others the jury failed to answer. The issues the trial court had to consider as to whether to grant judgment for the relator or to declare a mistrial were those that were answered and unanswered concerning comparative negligence. The jury did not answer Special Issues Nos. 20 and 29 concerning the matter of damages or diminishing damages but found the relator was negligent in switching cars into and against the train on which G. M. Butler was working and that such negligence was a proximate cause of the injuries to Mr. Butler. The jury also found Mr. Butler negligent in failing to keep a proper look-out and that the same was a proximate cause of his injuries but was not the sole proximate cause. The jury answered, by Special Issue No. 1, that Mr. Butler suffered injuries on or about October 22, 1952 in a switching movement of relator's train.

■ We think it is so well established in this state that a mandamus will not lie to a trial court, when the duty to be performed requires the exercise of judicial discretion, that no citation of authorities should be necessary. We are of the opinion, and so hold that under the record here, that the trial court not only had to use judicial discretion but correctly declared a mis-trial.

■ The trial court must have thought, under the pleadings and facts proven, that the question of comparative negligence was in the case and submitted the case upon that theory. It is true mandamus will lie to compel the court to render judgment when the petitioner has an absolute right to such judgment.

■ The trial court determined, in submitting the issues, that the pleadings and the evidence introduced required or justified the submission of the special issues as was submitted to the jury. If these issues

were proper, it could not be successfully contended that all the material issues were answered by the jury. The jury did not answer as to the amount of damages and the above-mentioned Article 53 required that the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.

In order for a mandamus to lie in this case, it would be necessary to hold that the findings of the jury to Issues Nos. 8, 9 and 10 had no effect in this case. The trial court used its discretion and determined that this was not a complete verdict upon which judgment could or should be granted and, we think, correctly so. See Southwestern Bell Tel. Co. v. Shell, Tex.Civ. App., 266 S.W.2d 476 and the many cases there cited.

We are of the opinion that the petitioner under this record is not entitled to a writ of mandamus. The petition for writ of mandamus is denied.