

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 25, 1957

Honorable Zollie Steakley
Secretary of State
Austin, Texas

Opinion No. WW-75

Re: Certification of candidate in
a special election where his
application was mailed on the
last day for filing but was not
received until the following day.

Dear Mr. Steakley:

You have requested an opinion concerning your duty to certify the name of Grover Cleveland Damuth for a place on the ballot at the special election to fill a vacancy in the Texas House of Representatives for the 29th Representative District, which is to be held on April 20, 1957. You state that the application was received in your office by mail on the morning of March 21, and that the envelope in which the application was received bears the postmark "Conroe Tex. Mar 20 3 30 P M".

Section 32a of the Texas Election Code (Article 4.10, Vernon's Texas Election Code) provides that an application for a place on the ballot at a special election held for the purpose of filling a vacancy "must be filed not later than thirty (30) days before any such special election." The deadline for filing applications for the special election to be held on April 20 was midnight of March 20. Att'y Gen. Op. WW-38 (1957).

Statutory provisions fixing the time for the filing of applications are mandatory. Burroughs v. Lyles, 142 Tex. 704, 181 S.W.2d 570 (1944); McWaters v. Tucker, 249 S.W.2d 80 (Tex.Civ.App. 1952). The general rule is that an instrument is not "filed" until it is delivered to the proper officer. Burroughs v. Lyles.

Section 190 of the Election Code, relating to the filing of applications for a place on a primary election ballot, provides that an application "shall be considered filed if sent to such chairman at his post-office address by registered mail from any point in this State," but Section 32a makes no such provision with respect to an application for a place on a special election ballot. In Burroughs v. Lyles, the court had before it an application of a candidate for a district office in a primary election, which had been placed in the mail on the last day for filing but which was not delivered to the party chairman until after that date. At that time the statute regulating filing of applications for district offices (Article 3112, R.C.S.) required that the candidate file his application "not later than the third Monday in May," without making any provision that an application mailed on or before the deadline would be considered as filed. Another statute regulating filing of applications for state

offices (Article 3111, R.C.S.) did contain the provision that an application for a state office "shall be considered filed if sent to such chairman at his post-office address by registered mail from any point in this State." The court held that the application for the district office had not been filed in time, and that "the fact that the Legislature provided that a request sent by registered mail should be considered filed in the quoted statute, but made no such provision in Article 3112, is convincing that a different rule was intended to apply."

In view of this decision, it is our opinion that the application of Grover Cleveland Damuth was not filed within the required time, and that his name should not be certified for a place on the special election ballot.

## SUMMARY

An application for a place on a special election ballot, filed under the provisions of Section 32a of the Texas Election Code, is not timely filed where it is mailed on the last day for filing but is not delivered to the proper officer until the next day.

Yours very truly,

WILL WILSON
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman