John D. FERRIS, Relator,

v.

Maurice I. CARLSON et al., Respondents.

No. 15488.

Court of Civil Appeals of Texas.

Dallas.

June 12, 1958.

Curtis E. Hill, Dallas, for relator.

Ralph W. Currie; Currie, Kohen & Freeman, Dallas, for respondents.

DIXON, Chief Justice.

John D. Ferris, relator, complains of the Republican Executive Committee of Dallas County and Maurice Carlson and Jean A. McGee, respondents, individually and as chairman and secretary respectively of the Committee. Relator, invoking our jurisdiction under Arts. 1735a and 13.41 of the Election Code Vernon's Ann.Civ.St., filed his petition May 27, 1958 asking that we direct the Committee to place relator's name on the official ballot of the Republican Primary Election to be held July 26, 1958 as a candidate for nomination by the Republican Party for the office of Judge of the 101st. District Court of Dallas County, Texas. Relator says that the ultimate date for the printing of the ballot is June 16, 1958, so he asks that our order be made forthwith.

It appears from the record before us that on April 15, 1958 relator filed with the Committee his application to have his name placed on the ballot, and on May 5, 1958, tendered his check in the amount of $100 as his filing fee. On May 12, 1958

by resolution the Committee refused to accept his application and instructed respondent Carlson, Committee Chairman, to return to relator his filing fee of $100.

The resolution adopted by the Committee contains the following recitations: "The Dallas County Republican Executive Committee makes the following Statement of Facts:

"1. The said John D. Ferris, though licensed to practice in this State, has not been a practicing lawyer or a Judge of a Court in this State or both combined, for four years next preceding the forthcoming general election.

"By reason of the foregoing the said John D. Ferris lacks the necessary qualifications prescribed by Article V, Section 7, of the Constitution of the State of Texas [Vernon's Ann.St.]. He could therefore not fill the office if he were elected thereto."

Our Constitution requires that a person must have been a practicing attorney for a period of four years next preceding the General Election in order to be eligible to hold the office of District Judge in this State. We quote from Art. V, Section 7 of the Constitution of the State of Texas: "For each district there shall be elected by the qualified voters thereof, at a General Election, a Judge * * * who shall be licensed to practice law in this State and shall have been a practicing lawyer or a Judge of a Court in this State, or both combined, for four (4) years next preceding his election."

Art. 1.05, Election Code V.A.C.S., expressly provides that no person ineligible to hold the office for which he desires to run, shall have his name placed on any ballot for any primary election where candidates are selected under our primary laws. And in Ferguson v. Wilcox, 119 Tex. 280, 28 S.W.2d 526 our Supreme Court held in effect that a relator who is not eligible to hold the office to which he aspires, is not entitled to a writ of mandamus directing that his name be placed on the primary ballot.

As part of his sworn petition relator Ferris attaches his affidavit and a number of exhibits concerning alleged facts in support of his contention that he will have been a practicing lawyer for four years next preceding the General Election for the year 1958. He says that on January 1, 1943 he entered the investment business as a dealer in securities and pursued such business along with the practice of law until December 1, 1957, when he was compelled to discontinue his investment business; that during all the time he was engaged in the investment business, and at all times since, he has held himself out as a lawyer ready, willing and able to handle all legal matters offered to him; and that during such time he has given legal advice to his clients as to their rights in regard to corporation stocks and investments, being paid brokers' fees when same were due for brokers' services, and attorneys' fees when due as such.

Specifically relator Ferris says that in 1953 he represented Clint Murchison, Sid Richardson and Robert Young, assisting them to obtain control of the New York Central Railroad Company, for which services he was paid an attorney's fee of $5,000. He says further that he handled similar transactions for other clients in proxy fights in the investment trade as to shares of stock in Missouri Pacific Railroad Company in 1953, the Allegheny Corporation in 1954, and Libby, McNeill and Libby in 1955.

Attached to relator's petition as an exhibit is a certificate dated May 13, 1958, signed by the Clerk of the Supreme Court of Texas to the effect that relator was admitted and licensed as an attorney and counselor at law by the Supreme Court on December 16, 1935, and that he is in good standing and his private and professional character appears to be good. Attached also is a copy of a letter from Bowser, Inc., Chicago, Illinois, dated May 1, 1958 addressed to "Mr. John D. Ferris, John D. Ferris & Company, First National Bank, Dallas, Texas," enclosing a check for $500

"which represents legal services and expenses you have incurred to date."

Respondents in their sworn answer assert that the facts alleged by relator are insufficient to support his conclusion that he has been practicing law for the required four years period. In this connection respondents take the position that the specific instances alleged by relator do not describe legal services at all, but merely describe solicitation of proxies in fights involving the voting of corporation stocks, a service which is not the practice of law, but is a service customarily done and performed by brokers. Moreover, say respondents, the proxy fight involving Murchison, Richardson and Young, and control of the New York Central Railroad took place in the year 1955, and not the year 1953 as stated by relator.

Attached to respondents' answer is an affidavit of Clint Murchison in which affidavit Clint Murchison states that John D. Ferris was never employed by him either alone or with others to perform any legal services.

Respondents also affirmatively allege, and this is their main contention, that relator has not been and will not have been a practicing lawyer for a period of four years next preceding the General Election to be held in this State in November 1958.

In support of this last contention respondents attach to their sworn answer as an exhibit a written pleading filed May 12, 1958 in behalf of relator Ferris as defendant in Cause No. 26,826 E/C. Styled Francis I. Dupont and Company, et al., v. John D. Ferris. In his pleading in the above suit defendant Ferris, relator here, makes this statement, "That at all times from on or about January 1, 1943, until on the 1st day of December 1957, cross plaintiff was engaged as a sole proprietorship under the trade name of Ferris & Company, in the investment business * * * *that during the time plaintiff was engaged in the investments business as hereinabove* alleged, he devoted his entire business time and effort to said business, * * * That cross defendants, acting together and in concert, and in furtherance and pursuance of said conspiracy hereinabove alleged, * * * thereby so injuring cross plaintiff's good reputation * * * and his investment business, thereby caused cross plaintiff's income therefrom, *which was his sole source of income*, to become so badly depleted that he, cross plaintiff, during the year of 1957 became involved in financial difficulties * * *" (Emphasis ours).

Respondents also attach as an exhibit excerpts from the testimony of John D. Ferris given June 26, 1957, in Cause No. 87859–E. Styled E. F. Hutton and Company v. John D. Ferris, in the 101st. District Court. In this proceeding defendant Ferris, relator here, stated that his name was John D. Ferris "Doing business as Ferris & Company", that he is in the investment brokerage business. The following also appears: "The Court: Yes, Sir, the Court understands that you are a lawyer, or have a license to practice law, is that right, Mr. Ferris? The Witness: Reputed to be a lawyer."

In addition respondents' sworn answer contains averments as follows:

(a) Poll tax receipt issued to John D. Ferris on January 27, 1956 lists his occupation as a broker—he was not claiming his occupation to be that of a lawyer. In his poll tax receipt issued January 30, 1958 he does list his occupation as lawyer.

(b) A check of the Dallas City Directory issues of 1955 and 1958 shows that John D. Ferris is not listed as a lawyer, but is listed as being in the investment business under the name of Ferris and Company.

(c) A check of Martindale-Hubbell Legal Directory issues of 1956, 1957 and 1958 shows that John D. Ferris is not listed in said publication, either in the alphabetical or biographical sections of said issues.

(d) A check of the telephone directory for the City of Dallas for May 1958 finds

**298**

the name of relator, but is a residence listting only; nor is relator listed in the "yellow pages" of the directory for 1957 as an attorney but is listed under the classification "Brokers-Investment" as Ferris and Company.

(e) Prior to the end of World War II John D. Ferris ceased to hold himself out as a practicing attorney and began to devote his entire time and attention to the sale of stocks and bonds; and that he continued in this business endeavor from that time on unless it be that within the last few months he has again attempted to practice law.

 From the foregoing summaries of the sworn pleadings and exhibits of relator and respondents it is plain that a fact question is presented as to whether relator John D. Ferris will have been or can possibly have been a practicing attorney for a period of four years next preceding the holding of the General Election in this State in November 1958. In an opinion adopted by our Supreme Court it has been held that the Supreme Court has no jurisdiction to issue a writ of mandamus when a fact question is presented. Rogers v. Lynn, 121 Tex. 467, 49 S.W.2d 709, 51 S.W.2d 1113. See also Dick v. Kazen, Tex., 292 S.W.2d 913, 915. We believe that the holding is applicable also to this court and requires us to deny relator's application for a writ.

The case of Cantrell v. Carlson, Tex., 314 S.W.2d 286 is not in point with the facts of this case. In the Cantrell case relator swore, though belatedly, that as of June 2, 1958 he was a Republican. The Supreme Court held that his good faith as to his party affiliation was a question for the voters, not the Republican Party officials. In the case now before us we have a controverted fact question as to how long relator has been or will have been a practicing lawyer next preceding election day.

Respondents further charge that relator did not tender the proper filing fee. The Republican Executive Committee had tenta-tively set the filing fee at $100 provided the application should be accompanied by a petition of 200 qualified Republican voters asking that the applicant's name be placed on the ballot; in the absence of such a petition the filing fee would be $500. Relator tendered only a $100 as a filing fee, though his application was not accompanied by the petition above mentioned.

Relator's application for a writ is denied.

 Because of the short time between the delivery of this opinion and June 16, 1958, the date for the printing of the official ballot, a motion for rehearing will not be entertained.