Clyde A. LAKE, Jr., Relator,

v.

ZAVALA COUNTY DEMOCRATIC EXECUTIVE COMMITTEE, Respondents.

No. 13991.

Court of Civil Appeals of Texas.

San Antonio.

March 8, 1962.

Jackson & Jackson, Crystal City, for relator.

R. A. Taylor, Jr., Crystal City, for respondents.

PER CURIAM.

This Court on February 26, 1962, granted Relator, Clyde A. Lake, Jr., leave to file his petition for writ of mandamus, directing certain Democratic Party officials to place his name as a candidate for the office of

County Commissioner, Precinct No. 2, of Zavala County, Texas, on the official ballot for the primary election to be held May 5, 1962. The respondents are Hon. R. A. Taylor, Jr., Chairman of the Zavala County Democratic Executive Committee, and J. R. Barker, Cecil Holt, E. M. Holdsworth, W. D. Cornett, Henry Volz and Earl King, members of said Committee.

The material facts are undisputed. On January 11, 1962, Relator duly filed his application, dated the same day, as a candidate for County Commissioner of Precinct No. 2, Zavala County, Texas, in the Democratic Primary Election to be held on May 5, 1962, with Hon. R. A. Taylor, Jr., Chairman of the Executive Committee. At such time Relator possessed the legal qualifications to hold such office. The application met all of the requirements stated in Art. 13.12, Vernon's Texas Election Code. The Democratic Executive Committee met on February 12, 1962, in keeping with the provisions of Art. 13.08, Vernon's Texas Election Code, and assessed the candidates an equitable amount for necessary expenses of holding the general and second primary, and Relator was notified at once by letter properly addressed and stamped, of the amount of his assessment. Relator lives in Crystal City, the County Seat of Zavala County, and the letter was no doubt delivered to his residence the following day. In some way this letter was placed in a drawer and not called to the attention of the Relator until Monday, February 19. He failed to pay his filing fee on Saturday, February 17. The letter was found on Monday, by Relator's wife, Helen Lake, and called to his attention. On the same day, he went to the office of the County Chairman and tendered to him a check in the sum of $31.50. It was accepted by the Chairman, who gave his receipt therefor which reads as follows:

"The sum of $31.50 was received by me by personal check of Clyde A. Lake, Jr., on February 19, 1962, at 4:00 P.M., in payment of his assessment as candidate for County Commissioner of Prec. 2 of Zavala County, Texas, and accepted subject to determination as to the legality thereof by the Democratic Executive Committee of Zavala County.

/s/ R. A. Taylor, Jr.
Chairman, Democratic Executive Committee, Zavala County, Texas."

On February 20 the Executive Committee met and, after a hearing, decided not to place Relator's name on the ticket and returned his check to him. This application was presented to the court in keeping with the provisions of Art. 1735a, Vernon's Ann. Civ.Stats., which gives this Court jurisdiction of such a proceeding.

We have decided that this case cannot be distinguished from the case of Fisher v. Dallas County Democratic Executive Committee, Tex.Civ.App., 333 S.W.2d 604, and, for the reasons therein stated, we hold that inasmuch as Relator did not deliberately fail to post his filing fee with the County Chairman at the time requested, and did tender it to the County Chairman on the same day it would have been received if sent through the mail, as is authorized by Art. 13.08, supra, he is entitled to have his name placed on the official ballot of the said primary as a candidate for nomination to the office he seeks.

We are of the opinion that Respondents will place Relator's name on the ballot upon receipt of this opinion, and upon receipt of the sum of $31.50 from Relator, therefore the Clerk of this Court will not issue the writ of mandamus unless after receiving a copy of this opinion and the proper filing fee, Respondents still refuse to place Relator's name upon the official ballot of the Democratic Primary to be held in Zavala County on May 5, 1962.

We will not permit the filing of a motion for rehearing herein, and this opinion is immediately effective.