**Hulon BROWN, Relator,**

v.

**Howard WALKER et al., Respondents.**

No. 6723.

Court of Civil Appeals of Texas.

Beaumont.

March 25, 1964.

PER CURIAM.

This is an original application for writ of mandamus. Hulon Brown, Relator herein, is currently the elected, qualified and acting district attorney of the Second and One Hundred Forty-fifth Judicial Districts of Texas, comprised of the counties of Angelina, Cherokee and Nacogdoches. This court on March 24, 1964, granted Relator leave to file his petition for writ of mandamus, directing certain Democratic Party officials of Angelina County, Texas, to place his name as a candidate for the office of district attorney on the official ballot for the primary election to be held on May 2, 1964, in said county. The Respondents are the Honorable Howard Walker, Chairman of the Democratic Executive Committee of Angelina County, and all other members of the Democratic Executive Committee of said county.

Relator prior to the deadline for having his name placed upon the official ballot of Angelina County mailed to Respondent Walker, by regular mail, his additionally assessed filing fee of $50.00. The date of this deadline was February 15, 1964. One question presented to us for determination is whether Relator's additional assessment, addressed and deposited as regular mail, met the requirements of Art. 13.08 of our Election Code, V.A.T.S. as amended Acts.

1963, 58th Leg., p. 1017, ch. 424, Sec. 81, requiring all such additional assessments to be mailed to the County Democratic Chairmen by registered or certified letter before the deadline provided for.

Most of the material facts are undisputed. On February 15, 1964, at approximately 11:30 a. m., Relator placed a long distance call from Jacksonville, Texas, to Respondent Walker for the purpose of advising Mr. Walker that Relator was about to deliver a money order of $50.00 which was his additionally assessed filing fee. Mr. Walker advised Relator to "just mail it", or words to that effect. He did not state that it should be certified or registered, nor did he advise Relator not to register or certify mail it. He did advise him to be sure the envelope was postmarked prior to midnight of that day. On said day, Relator promptly mailed, as aforesaid, his additional assessment of $50.00 to Mr. Walker.

After timely notice, Relator and the Angelina County Democratic Executive Committee met at Lufkin, Angelina County, Texas, on Monday night, March 16, 1964. After hearing Relator and Mr. Walker, the Committee retired in closed executive session and thereafter announced that Relator's name would not be placed on the primary ballot as a candidate for district attorney. Hence, the application for leave to file petition for mandamus.

Prior to 1963, Art. 13.08, supra, of the Election Code as here pertinent read:

"* * * In making the assessment upon any candidate the committee shall give due consideration to the importance, emolument, and term of office for which the nomination is to be made and shall, by resolution, direct the chairman to immediately mail to each person whose name has been requested to be placed on the official ballot a statement of the amount of such expenses so apportioned to him, with the request that he pay the same to the county chairman on or before the Saturday before the fourth Monday in June thereafter. It shall be sufficient to meet the requirements of this law to mail by registered letter to the chairman before the deadline herein provided, as shown by the postmark on the letter, a money order, a certified check, or a good personal check. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 186."

Thereafter several Courts of Civil Appeals decisions construed the above quoted portion of Art. 13.08 as not being mandatory in all circumstances wherein a candidate unintentionally failed to pay or deliver his additional assessment before the prescribed time or date or where a candidate failed to forward the same by certified or registered mail. These decisions, having no writ history, are McWaters v. Tucker, Tex.Civ.App., 249 S.W.2d 80; Lake v. Zavalla County Democratic Executive Committee, Tex.Civ.App., 355 S.W.2d 219; and Fisher v. Dallas County Democratic Executive Committee, Tex.Civ.App., 333 S.W.2d 604.

However, the 1963 amendment of Art. 13.08 contained these statements additional to those of the 52nd Leg. hereinbefore set out:

"* * * and no person's name shall be placed on the ballot unless he pays the assessment within the prescribed time * * * but it shall not be sufficient to make the payment by any other type of mail unless it is delivered before the deadline."

The caption of the 1963 amendment to Art. 13.08 states that one of the purposes for the amendment was for "* * * revising and clarifying provisions relating to payments received by mail after the deadline * * *."

It appears to us that due to the confusion and uncertainty of the law as it existed prior to 1963, as evidenced by the decisions hereinbefore cited, our Legislature meant to, and did, clearly spell out the requirements and procedures which a

candidate must comply with in order to have his name placed upon an official primary election ballot. It is our opinion that the requirements stated by the 1963 amendment are mandatory and must be strictly complied with. Relator's contentions to the contrary are without merit.

The other question presented to us is whether or not the additional money was "delivered before the deadline" under the provision of the Art. 13.08 of the Election Code. The Relator's affidavit and exhibits show he mailed the money order about noon, February 15, 1964, at Jacksonville, Texas. The Jacksonville postmaster made an affidavit that a letter mailed in the Jacksonville post office at any time before 4:30 p. m. Saturday, February 15th, 1964, would depart from the Jacksonville post office at 5:00 p. m. by truck and would arrive at the Lufkin post office at approximately 6:45 p. m. A receipt was mailed to Relator signed by Respondent Walker, showing the receipt of the money. The information at the top of this receipt shows either that Relator's letter was postmarked February 15, 1964, with an "O.K. H.W." or it shows the letter postmarked—"O.K. H.W." and the receipt is dated February 15, 1964.

Relator contends the receipt shows the money was delivered on time, and it cannot be set aside in the absence of a showing of fraud or wrongdoing.

The affidavit and exhibits of Respondent Walker show the envelope enclosing the money order was addressed to Mr. Howard Walker, Chairman, Democratic Executive Committee, Angelina County, 107 N. 2nd Street, Lufkin, Texas. This envelope was postmarked February 15 P.M., 1964, Jacksonville, Texas. Respondent Walker also swears this envelope and money were not received by him until February 17, 1964.

■ These affidavits and exhibits presented a disputed issue as to the date of "delivery" of the additional assessment. Respondent's receipt was not such an instrument the meaning of which could not be explained, changed or altered within the meaning of the parole evidence rule. The date on the receipt was not conclusive, but was subject to collateral attack. Thus, Respondent's affidavit gives rise to a disputed fact question, i. e.; did Respondent in fact receive Relator's money order prior to midnight of February 15, 1964? An appellate court does not have jurisdiction to entertain application of mandamus when the sworn petition and sworn answer present a disputed fact question. Rogers v. Lynn, 121 Tex. 467, 49 S.W.2d 709, 51 S.W.2d 1113; Ferris v. Carlson, Tex.Civ. App., 314 S.W.2d 295; Cantrell v. Carlson, Tex.Civ.App., 313 S.W.2d 624.

By reason of our foregoing conclusions, the application for issuance of writ of mandamus is denied.

Mandamus denied.

Motion for rehearing will not be entertained.