Edward PRINCE, Jr., et al., Relators,

v.

Paul G. PEURIFOY, Judge, et al.,
Respondents.

No. 16711.

Court of Civil Appeals of Texas.

Dallas.

Nov. 5, 1965.

Andress, Woodgate, Richards & Condos, Wm. Andress, Jr., Dallas, for relators.

Thompson, Knight, Wright & Simmons, Richard E. Gray and Jerry L. Buchmeyer, Dallas, for respondents.

PER CURIAM.

Relators Edward Prince, Jr., George Cloudy, David R. Steetle, William E. Shell, David L. Brown and Patrick H. Poe have filed an application praying for a writ of mandamus directing Respondent Paul G. Peurifoy, Judge of the 95th District Court of Dallas County, Texas, to enter on the minutes of the court a form of written judgment with a writ of inquiry, which judgment Judge Peurifoy has signed but refuses to have entered on the minutes of the court. Also named as respondents are Texas Instruments Incorporated and Geophysical Service, Inc., both of Dallas County.

The record discloses that on August 6, 1965 Texas Instruments Incorporated and its wholly owned subsidiary, Geophysical Service, Inc., as plaintiffs, filed suit for injunction and damages against relators, all of whom are former employees of plaintiffs. In their petition plaintiffs allege that they are engaged in the business of geophysical exploration, a highly technical business, in the development of which they acquired various trade secrets and confidential and proprietary business information; that the defendants, relators here, as employees of plaintiffs were in positions of confidence and trust and were instructed and trained in and had access to plaintiffs' trade secrets and proprietary information; and while in the employment of plaintiffs said defendants conspired to appropriate

and did appropriate plaintiffs' trade secrets and conspired to enter and did later enter into a competitive business—all in violation of their fiduciary relationship with plaintiffs to the latter's great damage.

On August 16, 1965 relators as defendants in said suit filed their answer and cross-action. Rules 85 and 97, Texas Rules of Civil Procedure. In the latter pleading relators as cross-plaintiffs sought judgment in their own behalf for damages because of plaintiffs' alleged false and malicious statements as set out in plaintiffs' petition and otherwise publicized; and because of the willful interference by plaintiffs of the defendants' business relationship with another company, which relationship defendants had established after their resignations as employees of plaintiffs—all of which constituted unfair competition and caused defendants great damage for which they prayed judgment in their cross-action.

Relators as cross-plaintiffs caused citation to issue on their cross-action and the citation was served on plaintiffs, the return date named being September 13, 1965.

On September 14, 1965 relators as cross-plaintiffs, having ascertained that plaintiffs had not filed a written answer to the cross-action, presented to Judge Peurifoy a written form of default judgment with a writ of inquiry, which Judge Peurifoy signed.

On September 16, 1965 plaintiffs filed a written answer to defendants' cross-action.

The facts as above stated are undisputed. But the parties are not in agreement as to some of the particulars relative to the signing of the judgment.

In the record is an affidavit by Judge Peurifoy in which he states that on September 14, 1965 the deputy clerk presented him with a stack of judgments to be signed, among them being the form of default judgment with a writ here in controversy; that he inadvertently and accidentally sign-

ed the judgment; that he discovered his mistake immediately and laid the signed instrument aside, as he never intended to sign it and he did not deliver it to the clerk to be put on the minutes; that he never at any time announced or rendered default judgment on the cross-action; and that at the request of defendants' counsel he entered on the docket sheet in his own handwriting the following notation: "9–14–65—Defendants requested default on cross-action. Held under advisement."

A photostatic copy of the docket sheet is reproduced in the record and it shows the above notation.

In answer to Judge Peurifoy's affidavit three affidavits were filed in behalf of defendants—two by attorneys for defendants and one by the attorneys' secretary. The gist of their affidavits is that when it was learned on September 14, 1965 that plaintiffs had not filed a written answer to the cross-action one of the attorneys, who was in trial in another matter at the court house, dictated the form of judgment over the telephone to the secretary. A second attorney then brought the typed instrument to the court house and presented it to Judge Peurifoy and the judge signed it.

The two attorneys in their affidavits further state that they were not told by Judge Peurifoy that he had signed the judgment inadvertently and by mistake. However, the attorney who presented the typed document to Judge Peurifoy on September 14, 1965 stated in his affidavit that after signing the judgment Judge Peurifoy took the file from the clerk, looked at it and said, "I am going to have to think about this a little bit," and then took the file and the signed judgment into his office.

Judge Peurifoy in a second affidavit says that he does not question the attorney's sincerity, but that he, Judge Peurifoy, had given his best recollection as he remembered it. He reiterated that at no time had he pronounced a judgment on the cross-action.

## OPINION

We have concluded that the relators' application for writ of mandamus must be denied.

▆ Relators take the position that in order to prevent a judgment by default with a writ of inquiry in the cross-action it was necessary for respondents as cross-defendants to file a written answer to the cross-action on or before September 13, 1965, the return day named in the citation served on respondents. In this relators are in error.

A formal written answer by respondents to relators' cross-action was not necessary. Kemp v. Westbrook, Tex.Civ.App., 358 S. W.2d 889, 894; Jones v. Kelley, Tex.Civ. App., 91 S.W.2d 969, 973; Overland Automobile Co. v. Cleveland, Tex.Civ.App., 250 S.W. 453; Taylor v. Ward, Tex.Civ.App., 102 S.W. 465; 52 Tex.Jur.2d 266.

Our Supreme Court has held that a defendant is not authorized to take a default judgment which adjudicates against the plaintiff the merits of the suit; and that a default judgment so taken is not merely voidable, but is void. Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428, 431, 433.

Relators also take the view that since more than thirty days have elapsed since the judgment was signed it has become a final judgment over which Judge Peurifoy no longer has control under Rule 329–b, subd. 5, T.R.C.P. Therefore the judge has no discretionary authority to set aside, alter or amend the judgment, but is required as a ministerial act to see that it is placed on the minutes of the court. Again relators are in error.

▆ Rule 301, T.R.C.P. provides that only one final judgment shall be rendered in any cause except where it is otherwise provided by law. Even in cases where the issues and causes of action are severable separate trials result only in interlocutory judgments, not final judgments, unless there has been a severance of the causes of action. Kirkland v. Martin, Tex.Civ. App., 376 S.W.2d 819; Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200; Harris v. Superior Ins. Co., Tex.Civ.App., 322 S.W.2d 665, 667; McCormack v. Morgan, Tex.Civ.App., 306 S.W.2d 439; Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173; Dunn v. Tillman, Tex.Civ.App., 271 S.W.2d 702; Gallaher v. City Transportation Co. of Dallas, Tex.Civ.App., 262 S.W. 2d 807 (writ refused). In this case relators do not claim that there has been a severance of the cross-action from the cause asserted by plaintiffs. A judgment solely on a cross-action without disposing of plaintiffs' cause of action is not a final judgment. Dimerling v. Grodhaus, 152 Tex. 548, 261 S.W.2d 561. The same is true when a judgment is rendered on plaintiff's cause of action without disposing of a cross-action. Browning v. Gomez et al., Tex. Civ.App., 315 S.W.2d 79, 81–82; Palmer v. Jeter, Tex.Civ.App., 339 S.W.2d 563.

In Kansas University Endowment Ass'n v. King, 162 Tex. 599, 350 S.W.2d 11, 19, our Supreme Court was dealing chiefly with the question of severability of issues and separate trials.[1] But it does state in substance that there can be only one final judgment in a case, and that a separate trial without severance results only in an interlocutory judgment.

▆ Since the judgment on the cross-action is merely an interlocutory judgment, Judge Peurifoy still retains control of it even if it were to be recognized as a valid interlocutory order. He has discretionary authority to change his mind about the order, set it aside, amend it, or refuse to take whatever further steps may be necessary to make it a complete interlocutory order. And this control of the interlocutory judgment may be exercised by the judge

---

1. We do not pass on the question whether relators' cause of action in this case is severable, for that question is not before us.

at any time before the judgment on the merits of the whole case becomes final, or until the cross-action is properly severed from the rest of the case. Kone v. Security Finance Co., 158 Tex. 445, 313 S.W.2d 281; Beard Drilling, Inc. v. Steeger, Tex. Civ.App., 361 S.W.2d 888, 897; Bachman Center Corp. v. Sale, Tex.Civ.App., 359 S.W.2d 290, 292; 33 Tex.Jur.2d 687.

██ This court is without power to compel a district judge by writ of mandamus to do any act involving or requiring an act which is discretionary on his part. Walker v. Lindsey, Tex.Civ.App., 298 S.W. 2d 195; Houston Fire & Casualty Ins. Co. v. Gerhardt, Tex.Civ.App., 281 S.W.2d 176; Panhandle & S. F. Ry. Co. v. Denton, Tex. Civ.App., 280 S.W.2d 941; Texas Employers' Ins. Ass'n v. Stephenson, Tex.Civ. App., 178 S.W.2d 883; Yantis v. McCallum, Tex.Civ.App., 121 S.W.2d 610; Templeton v. Small, Tex.Civ.App., 37 S.W.2d 262.

The conflicts in the factual statements contained in the affidavits of the judge and those offered in behalf of relators are not as great as they might seem at first glance. The affidavits of the judge and of the attorney who obtained the signature of the judge are in substantial agreement as to this: The judge, immediately after signing the document, took it back from the clerk. The docket sheet annotation recites that the judgment was "Held under advisement." The attorney's affidavit quotes the judge as saying that "I will have to think about this a little bit."

██ If it be said that these are material conflicts in the affidavits as to the facts we must point out that such conflicts furnish an additional reason for our refusal of the application for mandamus. Ferris v. Carlson, Tex.Civ.App., 314 S.W.2d 295, 298; Brown v. Walker, Tex.Civ.App., 376 S.W.2d 854.

The application for writ of mandamus is denied.