Oscar G. HERNANDEZ, Relator,

v.

SAN ANTONIO INDEPENDENT
SCHOOL DISTRICT et al.
Respondents.

No. 16511.

Court of Civil Appeals of Texas,
San Antonio.

March 19, 1980.

John A. Smith, San Antonio, for relator.

John C. Alaniz, Peter Torres, Jr., San Antonio, for respondents.

## OPINION

CADENA, Chief Justice.

Relator, Oscar G. Hernandez, a candidate for the office of Trustee of the San Antonio Independent School District in the election to be held April 5, 1980, seeks a writ of mandamus ordering that the name of Roy G. Hernandez be removed as a candidate for the office of trustee from the official ballot for such election.

Article 1735a, as amended in 1967, expressly authorizes Courts of Civil Appeals to issue the writ of mandamus against officers of all types of elections. Tex.Rev.Civ. Stat.Ann. art. 1735a (Vernon Supp. 1980).

Our Education Code requires that candidates for the office of trustee of an independent school district file their applications for a place on the ballot not less than 30 days prior to the day of the election, and expressly prohibits placing the name of any person on the ballot absent compliance with this requirement. Tex.Educ.Code Ann. § 23.03(a) (Vernon Supp. 1980).

The application of Roy G. Hernandez for a place on the ballot was sent by ordinary mail and received at the filing office on March 7, 1980, after the filing deadline prescribed by the applicable statute. The general rule is that an instrument is not "filed" until it is received by the person with whom it is required to be filed. *Burroughs v. Lyles*, 142 Tex. 704, 181 S.W.2d 570, 573 (1944). Since the applicable provision of the Education Code which is expressly and solely applicable to elections of trustees of independent school districts contains no provisions for extension of the filing period in cases where the application for a place on the ballot is made by mail, it is clear that the application of Roy G. Hernandez was not filed within the time required by Section 23.03(a) of the Education Code.

Respondents rely on Article 13.12(e) of the Election Code, which provides that an application for a place on the ballot shall be considered filed if sent to the proper "chairman" at his post office address by registered or certified mail "not later than the day on which the filing deadline falls . . . ." Tex.Elec.Code Ann. art. 13.12(e) (Vernon Supp. 1980). In the case before us, the application was mailed from a point within this state "not later than the day on which the filing deadline" fell, and respondents argue that the application of Roy G. Hernandez must be considered as having been timely "filed."

Even a casual reading of Article 13.-12 of the Election Code reveals that it deals exclusively with primary elections held for the purpose of naming a candidate of a political party for a particular office which is to be filled at the general election. Its provisions are rather precisely tailored to such "primary elections," and cannot be adapted to elections which have as their purposes the designation of the person who is to hold a particular office, as distinguished from elections designed to determine the name of the person or persons who will, at some future election, appear on the official ballot as candidates for a particular office.

The purpose of the election with which we are concerned in this case is not to determine who shall be the candidate of a particular party for the position of school trustee. The purpose of the election is to determine who shall hold the office of school trustee. The manner of applying for a place on the ballot, therefore, is governed by Section 23.03 of the Education Code, which deals specifically with elections for the purpose of determining who shall hold the office of trustee; rather than by the provisions of Article 13.12 of the Election Code, which deals only with the manner in which one may be designated, as the result of a primary election, as the candidate of a political party for election to a particular office.

Even if it should be concluded that the provisions of the Election Code concerning applying for a place on the primary ballot by mail are applicable to a school trustee election, it is clear that Roy G. Hernandez is not entitled to have his name appear on the official ballot for the school trustee election to be held within the San Antonio Independent School District on April 5, 1980. It is undisputed that he did not mail his application for a place on the ballot by either certified mail or registered mail as required by Article 13.12. Respondents call our attention to *Roy v. Drake*, 292 S.W.2d 848 (Tex.Civ.App.—Dallas 1956, no writ), and *McWaters v. Tucker*, 249 S.W.2d 80 (Tex.Civ.App.—Galveston 1952, no writ), holding, in effect, that the provisions concerning the use of certified or registered mail were merely directory, and that a timely mailing of the application by ordinary mail constituted substantial compliance with the statutory provisions. Even if *no note is taken of the fact that both Tucker and Drake* involved primary elections held solely for the purpose of nominating candidates, it is clear that such decisions cannot be considered controlling today. At that time, the applicable provision of the Election Code governing the filing of applications for a place on the ballot to be used at a primary election read, in its entirety, as follows: "[The application] shall be considered filed if sent to such chairman at his post-office address by registered or certified mail from any point in this State, . . . ." *See Roy v. Drake, supra,* at 850. Today, the applicable provision is as follows:

[The application to have one's name placed on the ballot for a general primary as a candidate for the nomination of a political party for a public office] shall be considered filed if sent to the proper chairman at his post-office address by registered or certified mail from any point in this state not later than the day on which the filing deadline falls, as shown by the postmark . . . . Any application not received by the chairman before the deadline does not comply with this law unless it has been mailed by registered or certified mail as herein provided, and *it shall not be sufficient to send the application by any other type of mail unless it is delivered before the deadline.* [Emphasis added]

Tex.Elec.Code Ann. art. 13.12(e) (Vernon Supp. 1980).

In view of the addition of the language specifically providing that the provisions for applying by mail shall be applicable only if the application is sent by registered or certified mail, unless the application is actually delivered before the filing deadline, it is now impossible to hold that the requirements concerning registered or certified mail are merely directory, and that use of ordinary mail is a substantial compliance with the statute.

The application for writ of mandamus is granted. San Antonio Independent School District, its officers, agents and employees, are ordered to remove the name of Roy G. Hernandez as a candidate for the office of trustee of such school district from the official ballots to be used at the election to be held within such school district on Saturday, April 5, 1980, including the official ballots to be used during the absentee voting conducted in connection with such election.

No motion for rehearing may be filed.