**Tom LOWE, Relator,**

v.

**Steve HOLLERN, Respondent.**

**No. 05–90–00065–CV.**

Court of Appeals of Texas, Dallas.

Feb. 14, 1990.

P. Michael Jung, Dallas, for relator.

Douglas Wm. Wright, Anne Gardner, Fort Worth, for real party in interest.

D. Nicholas Acuff, Fort Worth, for respondent.

Before HOWELL, BAKER and BURNETT, JJ.

## OPINION

BAKER, Justice.

This is an original mandamus proceeding by which relator, Tom Lowe, seeks to compel the respondent, Steve Hollern, Chairman of the Tarrant County Republican Party, to remove the name of Douglas Wm. Wright, real party in interest, from the Republican Party Primary ballot for nomination for the position of judge of the 325th District Court in Tarrant County, Texas. For the reasons stated below, we conclude that our determination to grant relator's motion for rehearing and to grant relator leave to file his petition for writ of mandamus was improvidently granted. Our order of January 24, 1990, granting relator's motion for rehearing and granting leave to file petition for writ of mandamus, is withdrawn and set aside, relator's motion for rehearing is overruled, and the stay imposed by this Court's order of January 24, 1990, is dissolved.

Both relator, Tom Lowe, and the real party in interest, Douglas Wm. Wright, filed applications as candidates for nomination by the Republican Party for the position of judge of the 325th Judicial District Court of Tarrant County, Texas. Respondent, Steve Hollern, as Chairman of the Tarrant County Republican Party, examined the applications and petitions and determined that both relator and the real party in interest were qualified for a place on the ballot for the position sought. However, relator asserts that the petition submitted by Wright failed to comply with certain mandatory requirements of the Texas Election Code,[1] and therefore Wright had failed to properly qualify as a candidate for that nomination. Because the respondent refused to remove the real party in interest from the primary ballot, relator sought relief by way of petition for writ of mandamus.

The chronology of events are important and are as follows:

January 18, 1990 Relator filed his motion for leave to file petition for writ of mandamus, together with the petition and brief in support thereof, with the Court of Appeals for the Second District of Texas at Fort Worth.

January 19, 1990 The Honorable H. Tod Weaver, Chief Justice of the Second Court of Appeals at Fort Worth, certified, pursuant to provisions of section 22.220 of the Texas Government Code and rule 16 of the Texas Rules of Appellate Procedure, that the controversy required immediate action of the court, but the court was unable to do so because the unavailability of justices of the court caused fewer than two members of the court to be present and available to hear the cause. The Chief Justice also certified that the nearest available court of appeals was this Court.

January 19, 1990 Relator filed his motion for leave to file petition for writ of mandamus, together with the petition and brief in support thereof with this Court. By its order of the same date, this Court denied relator's motion for leave to file petition for writ of mandamus and his motion to expedite and for stay.

January 24, 1990 Relator filed his motion for rehearing, asserting that this Court erred in denying his motion for leave to file petition for writ of mandamus and his motion to expedite and for stay. Relator supported this motion for rehearing with additional affidavits and sworn documents.

1. TEX. ELECTION CODE ANN. (VERNON 1986).

January 24, 1990 Upon consideration of relator's motion for rehearing and the additional supporting documents, this court granted relator's motion for rehearing and ordered his petition for writ of mandamus filed as of January 24, 1990. Our order required any response to be made by January 26, 1990, and the matter was set for oral argument before a panel of this Court for Monday, January 29, 1990.

Subsequent to the entry of our order of January 24, 1990, this Court learned that between January 19 and January 22, 1990, relator petitioned the Texas Supreme Court for the same relief against respondent that relator seeks from this Court. By its order dated January 22, 1990, the Texas Supreme Court overruled relator's motion for leave to file petition for writ of mandamus and denied his request for a stay. None of these facts concerning relator's actions in the Texas Supreme Court were contained in relator's motion for rehearing before this Court. At oral argument, relator's counsel conceded that although he knew the facts concerning relator's actions in the Texas Supreme Court, he did not consider them material to his motion for rehearing or to the relief sought from this Court.

In our view, because of the nature of the proceeding and the relief sought, relator's counsel was under an obligation to furnish this Court with all facts relevant to the proceeding, particularly the fact that the same relief had been sought by relator in the Texas Supreme Court and that such court had denied relator leave to file. *Cf. Brown v. Strake*, 706 S.W.2d 148, 150 (Tex. App.—Houston [1st Dist.] 1986, orig. proceeding). We conclude that relator's motion for rehearing and his petition for writ of mandamus, as presented to this Court on January 24, 1990, failed to set forth in a concise and positive manner *all* facts necessary to establish his right to the relief sought. We hold that relator's pleadings fail to comply with the requirements of rule 121(a)(2)(C) of the Texas Rules of Appellate Procedure.

We withdraw and set aside, as improvidently granted, our order of January 24, 1990, granting relator's motion for rehearing and granting leave to file petition for writ of mandamus. Relator's motion for rehearing is overruled. The stay imposed in this Court's order of January 24, 1990, is dissolved.

No motion for rehearing will be entertained. *See Ferris v. Carlson*, 314 S.W.2d 295, 298 (Tex.Civ.App.—Dallas 1958, orig. proceeding).