J. E. McDONALD V. JOHN C. CALHOUN, CHAIRMAN, OF STATE DEMOCRATIC EXECUTIVE COMMITTEE ET AL.

No. A-2758. Decided June 21, 1950.
(231 S. W., 2d Series, 656.)

*C. C. Small* and *Dan Moody,* both of Austin, for petitioner.

*George Sergeant,* of Dallas, *Creekmore Fath,* of Austin, *Gilbert T. Adams,* of Beaumont, *Woodville J. Rogers,* of San Antonio, and *J. E. Wheat,* of Woodville, for respondents.

PER CURIAM:

This is an original petition for mandamus by which Relator, J. E. McDonald, seeks to compel Respondents, John C. Calhoun et al. as officers and members of the State Executive Committee of the Democratic Party of Texas and as chairmen of the several county executive committees of that party, to certify his name as a candidate for the Democratic nomination for the office of Commissioner of Agriculture of the State of Texas in the coming Democratic primary and to print his name on the ballot in all the counties in this State as such candidate. Although Relator in due form tendered his application for a place on the ballot as such candidate and paid his fee, the State Committee refused to certify his name as a candidate on the ground that he was not acting in good faith in his offer to take the party pledge to support the nominee of the 1950 primary because he had supported the Republican national ticket in 1940, 1944, and 1948, had voted for the Republican candidate for U. S. Senator in 1948, had, in April, 1950, "visited the Panhandle of Texas and there conferred with and gave aid and comfort to the Republican candidate for Congress", and had testified before the Committee on June 12, 1950, when asked, "Mr. McDonald if Mr. Truman is nominated for President of the United States in the 1952 election will you support him" that "I don't know."

All the issues thus raised are foreclosed by the decision of this Court in Love v. Wilcox, 119 Texas, 256, 28 S. W. 2d 515, rendered in 1930. That case construed Art. 3107, Vern. Anno. Civ. Stat., directly contrary to the contentions of Respondents. Although the Legislature has since been in biennial general session ten times, that construction has not been altered by any amendment of Art. 3107. It follows, therefore, that Love v. Wilcox announces the settled law of this State, and the writ of mandamus will issue in all things as prayed by Relator.

Because of the fact that but few days remain for the ballots to be printed for the July primary, no motion for rehearing will be entertained and none may be filed. Rule 515 TRCP.

Opinion delivered June 21, 1950.