## DICKSON v. TAYLOR et al.
### Civ. A. No. 1582.

United States District Court
W. D. Texas, San Antonio Division.
April 30, 1952.

Charles M. Dickson, San Antonio, Tex., for complainant.

Neil E. Beaton, San Antonio, Tex., J. H. Schleyer, New Braunfels, Tex., John W. Goode, Jr., San Antonio, Tex., for respondents.

Fagan Dickson, Austin, Tex., amicus curiae.

RICE, Chief Judge.

Charles M. Dickson, as complainant, brings this proceeding against Mrs. Maletta Taylor in her capacity as Republican Precinct Chairman of voting Precinct No. 50 in Bexar County, Texas, and other officials of the Republican Party in Texas, praying for a declaratory judgment and other appropriate relief protecting his alleged right to vote and participate in a Republican Precinct Convention to be held in Precinct No. 50 in San Antonio, Bexar County, Texas, on May 3, 1952.

Complainant alleges that the respondent, Mrs. Maletta Taylor, in her capacity as Precinct Chairman of said Precinct No. 50 of Bexar County, Texas, in reference to the holding of said Precinct Convention, has been instructed in writing by her superiors in said Republican Party as follows:

"Persons offering to participate in such Precinct Conventions shall be legal voters in the Precinct, and shall first sign a declaration, reading as follows: 'I am a Republican, and desire to participate in Republican Party activities in the year 1952.'"

Complainant alleges that said respondent will carry out said instructions and that the main and vital issue between complainant on the one hand and respondents on the other is that complainant asserts that he, as a natural born citizen of the United States and a qualified voter in Precinct No. 50, Bexar County, Texas, has the unqualified legal right to be present at said Republican Precinct Convention to be held at 7:00 o'clock P.M., May 3, 1952, at 219 Van Ness Street, San Antonio, Bexar County, Texas, and as such qualified voter complainant has the unqualified legal right to participate in and vote in said Precinct Convention, but that he will not be permitted to do so unless and until complainant shall have complied with the demand of the respondent, Mrs. Maletta Taylor, in her capacity as Precinct Chairman, that complainant first sign a written statement in substance declaring that "I am a Republican, and desire to participate in the Republican Party activities in the year 1952", which written statement complainant says he cannot in good conscience sign because it does not state the truth for the reason that complainant does not consider himself a Republican, and complainant does not desire to participate in all of the Republican Party activities in the year 1952.

For the purpose of this opinion it will be assumed, but not so held, that respondent, Mrs. Maletta Taylor, will refuse to permit complainant to participate in said Convention unless and until he signs the written statement hereinabove set forth.

The complainant predicates his alleged right to participate and vote in said Precinct Convention solely and alone upon the admitted fact that he is a legally qualified

voter of said Precinct No. 50, of Bexar County, Texas, whose name appears on the certified list of the qualified voters of said precinct, because he says Article 235 of the Texas Election Code for 1952, V.A. T.S., Election Code, art. 13.58, among other things provides:

"Any qualified voter, whose name appears on the certified list of qualified voters, shall be permitted to participate in and vote in said convention."

■ In the opinion of the Court the fact that complainant is a qualified voter in Precinct No. 50, whose name appears on the certified list of qualified voters of said precinct, is not sufficient, standing alone, to vest in him the legal right to participate in the proceedings of the Republican Precinct Convention to be held on May 3, 1952.

■ It is further the opinion of the Court that complainant, having alleged in his pleadings and stated in open court that he is not a Republican, is precluded from the right of participating in said Convention under the plain and unambiguous wording of said Article No. 235 of the Texas Election Code of 1952, Chapter 492, H.B. No. 6. Said Article expressly states. Any political party desiring to elect delegates to a National Convention, shall hold a State convention for that purpose on the fourth Tuesday in May, 1952;

and that such convention shall be composed of delegates duly elected by the voters of said political party in the several counties of this State at precinct conventions to be held on the first Saturday in May, 1952. It is in this last mentioned Precinct Convention to be held on May 3, 1952, that complainant, although stating he is not a member of the Republican Party, desires to vote and participate. Since the statute expressly provides that the delegates elected from said Precinct Convention must be elected by the voters of the political party holding said convention, it is obvious that complainant has placed himself without the purview of the law.

For the reasons above stated complainant and intervener, Emily Haley Garoni, are denied all relief, and this proceeding is dismissed at complainant's cost.