Grover W. CANTRELL, Relator,

v.

Maurice I. CARLSON et al., Respondents.

No. 15481.

Court of Civil Appeals of Texas.

Dallas.

May 30, 1958.

Joe McNicholas and Albert Reagan, Dallas, for relator.

Currie, Kohen & Freeman, Ralph W. Currie, Dallas, for respondents.

DIXON, Chief Justice.

Grover W. Cantrell, relator, with our permission on May 14, 1958, filed an application for a writ of mandamus. He seeks to have the writ directed to Maurice Carlson, individually and as Chairman of the Republican Executive Committee of Dallas County, Texas, and Jeanne Cole, individually, and as Secretary of said Executive Committee. Relator asks that we direct the respondents to place his name on the Republican Primary ballot as a candidate for the Republican nomination for the office of Congressman for the Fifth Congressional District, Dallas County, Texas.

In his application Cantrell alleges that he is a qualified voter within the Congressional District; that on May 5, 1958 he filed with respondent Carlson, County Chairman of the Republican Party, his application to have his name placed on the ballot in the Republican Primary as a candidate; that he paid a filing fee of $100, the amount set by the Republican Executive Committee, for which he was issued a

receipt;\*, and that he took the oath required by Art. 6.02, Election Code, Vernon's Ann.Civ.St., to the effect that he believes in our representative form of government, will support it, will resist any effort to subvert or destroy same, and will support and defend the Constitution and laws of the United States and of the State of Texas. Relator further alleges that he has complied fully with the requirements of Art. 13.12, Election Code, V.A.C.S.; but that nevertheless on May 12, 1958 at a meeting of the Republican Executive Committee, respondent Carlson informed him that his name would not be placed on the ballot of the Republican Primary inasmuch as he, Cantrell, in the opinion of said Committee, had not complied with the law and had no legal right to have his name placed on the Republican Primary ballot as a candidate for the Republican Party nomination for Congressman.

Nowhere in his application which he filed with the respondents asking that his name be placed on the Republican Primary ballot, nowhere in his petition for a writ of mandamus, and nowhere in his brief does relator Cantrell aver that he is a member or supporter of the Republican Party, or that he is in any way affiliated with that party. Neither does he offer to take the party loyalty oath set out in Art. 13.11, Election Code, V.A.C.S.

It should be noted here that the oath taken by relator as prescribed by Art. 6.02, Election Code, V.A.C.S., is not a party loyalty oath. It does not pledge the affiant to loyalty or adherence to any political party.

In their written answer, duly sworn to and filed May 21, 1958, respondents assert that relator is not entitled to a writ of mandamus, because:

(1) The facts alleged in relator's application cannot be taken as true because he

---

\* The original receipt, attached to relator's petition as an exhibit, is as follows:
"May 5, 1958.
Received of Grover W. Cantrell the sum of $100.00 in connection with his at-

tempted filing for a place on the G.O.P. Primary ballot.
      (s)  Maurice I. Carlson
           Chairman Dallas County
           Republican Executive
           Committee"

has merely sworn that they are true "to the best of his knowledge and belief."

(2) No facts are alleged which would show that he is eligible to participate in the Republican primary.

(3) No facts are alleged which would show that he is eligible to be a member of Congress.

(4) No facts are alleged to show that he is affiliated with the Republican Party, but on the contrary "the truth is that at the time of the attempted filing of this request to have his name placed on the primary ballot of the Republican Party, he volunteered the information that he is really a Democrat who thinks he can get nominated on the opposite ticket."

On May 22, 1958, after submission in this Court of relator's application for a writ of mandamus and the presentation of oral argument in behalf of the parties, relator filed an amendment to his application in which he alleges that he is eligible to serve as United States Representative from the Texas 5th Congressional District.

Briefly stated relator's contention is that having complied with the requirements prescribed in Art. 13.12, Election Code, V.A.C.S., with reference to the filing for a place on the ballot in a political party's primary election, he is entitled to a writ of mandamus directing respondents to place his name as a candidate on the ballot in the forthcoming primary election of the Republican Party. In support of his contention relator cites Love v. Wilcox, 119 Tex. 256, 28 S.W.2d 515, 70 A.L.R. 1484; McDonald v. Calhoun, 149 Tex. 232, 231 S.W.2d 656, and Roy v. Drake, Tex.Civ. App., 292 S.W.2d 848. In our opinion the holdings in these cases are not applicable to the facts in the case now before us.

■ The law is well settled that a petition for mandamus must be verified by affidavit. The verification must constitute such a positive statement of knowledge of the facts as would constitute a basis for a charge of perjury if such facts were found to be untrue. 28 Tex.Jur. 640. Relator Cantrell's petition, as respondents point out, is sworn to only "to the best of his knowledge and belief." This is not a sufficient verification to meet the requirements of our law. 33 Tex.Jur. 549.

■ However the record before us discloses a more serious reason why we must deny relator's application for a writ of mandamus. In the written answer of respondents, the respondent Carlson on oath says that at the time of the filing his request to have his name placed on the ballot, relator Cantrell volunteered the information that he is really a Democrat who thinks that he can get nominated on the opposing ticket. This allegation is reiterated by respondent Carlson in his brief wherein he charges that at the time relator tendered his application he declared he was not affiliated with the Republican Party, but was really a Democrat who desired to be nominated on the Republican Ticket. Neither in his original application for mandamus filed May 14, 1958, nor in his amendment filed May 22, 1958, nor in his written brief does relator deny that he so declared himself. In the absence of any denial we must accept respondents' sworn allegation as true. Houston Electric Co. v. Mayor and City Council of City of Houston, Tex. Civ.App., 212 S.W. 198; 28 Tex.Jur. 642.

■ Under our law an avowed member of one political party is not entitled to a writ of mandamus to require the officials of another political party to place his name as a candidate on the primary ballot of such other political party. Expressed in a different way, the law does not require the Republican Party to place the name of an avowed Democrat on the ballot in a primary election of the Republican Party. The same rule would hold true, of course, should an avowed Republican seek a place on the ballot in a primary election of the Democratic Party.

When our Election Code was passed by the Legislature in 1951, Art. 6.01 of the Code, dealing with the official ballot at a general election (not a primary election), contained a provision that permitted one person's name to appear as the nominee of more than one political party, and thus to appear on the ballot twice. As a result cross-filing was permitted, and in the general election of 1952 in a number of instances the name of candidates appeared on the ballot as nominees of more than one political party. But in 1955 the Legislature amended Article 6.01 of our Election Code. Cross-filing has been prohibited. The Statute now provides that the name of no person shall appear on the general election ballot more than once as a candidate for the same office.

The chairman of the committee which originally drafted the election Code as passed by the Legislature in 1951 was the Honorable Abner V. McCall, Dean of Baylor University Law School and later Associate Justice of the Supreme Court of Texas. Commenting on the law as it was then (permitting cross-filing), Judge McCall said: "There is no provision in the code requiring the Democratic Party to place the name of an avowed Republican on the ballot for a primary election of the Democratic Party. Should the Republican Party again hold a primary election, the code has no provision to prevent their excluding Democrats therefrom." Vol. 9, V.A.C.S. P. XXXV. We think Judge McCall correctly stated the law, and if his statement was correct then, prior to the amendment prohibiting cross-filing, there is all the more reason to hold it correct under the amended statute which prohibits cross-filing.

We believe that our holding also finds support in statements in the opinions in the following cases: Robbins v. Thompson, Tex.Civ.App., 8 S.W.2d 813; Briscoe v. Boyle, Tex.Civ.App., 286 S.W. 275; Hamilton v Davis, Tex.Civ.App., 217 S.W. 431, 433; White v. Lubbock, Tex.Civ.App., 30

S.W.2d 722; Dickson v. Taylor, D.C., 105 F.Supp. 251. See also 15–B Tex.Jur. 435.

■ Even if relator had filed, or were now to file, a sworn denial of respondent's allegation that relator at the time he presented his application to the Republican County Chairman volunteered the information that he was really a Democrat, his denial would avail him nothing in this case. It would do no more than to raise a fact issue, and an appellate court does not have jurisdiction to entertain applications for mandamus when the sworn petition and sworn answer present a disputed fact question. Rogers v. Lynn, 121 Tex. 467, 49 S.W.2d 709.

Motion for rehearing by relator will not be entertained, for the reason that the time is so short between this date and the date for making up the ballot, that the question would probably become moot before we could act on a motion for rehearing.

Relator's application for a writ of mandamus is refused.