**Linda Sue WRIGHT, Relator,**

v.

**Harold VALDERAS, District Judge, et al., Respondents.**

**No. 20109.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 21, 1978.

Jerry D. O'Neal, Weatherford, for petitioner.

Odell L. McBrayer, Fort Worth, for respondents Thomas Birt Wright and Juan Wright.

PER CURIAM.

Because of the ever apparent want of convenience to attorneys in ascertaining requirements of the law relative to foundation for consideration of a petition instituting an original proceeding in an appellate court, we set down for hearing the petitioner's Motion for Leave to File Petition for Mandamus.

In general it has been found that all members of the bar understand that a Court of Civil Appeals is vested with jurisdiction to act upon original proceedings only in the protection of its appellate jurisdiction. (For our discussion we disregard habeas corpus proceedings.) Further, by statute authority is conferred upon Courts of Civil Appeals to direct a Judge of the District and County Courts to proceed to trial and/or judgment. V.A.T.S. Art. 1824 "(Courts of Civil Appeals)—May mandamus district courts."

It is generally understood that any original proceeding desired to be instituted in a Court of Civil Appeals must be presented in the form of a petition which is presented to the clerk; and, also, that such petition be accompanied by a motion for leave to file such petition. The clerk files the motion; to have such done is the right of the petitioner. See T.R.C.P. Rule 383 (PROCEED-

INGS IN THE COURTS OF CIVIL APPEALS)—Original Proceedings".

■ However, the many instances in which members of the bar fail to be prepared to tender the required check or cash to cover the clerk's fee for the filing of the motions result in untoward delays. One who desires to prosecute an original proceeding should understand that a fee will be required to file the motion; that in the event such motion should be granted an additional fee will then be required upon filing the petition.

■ In the decisions to be made by the court upon whether or not leave should be granted the petition and attachments made a part thereof (though not yet permitted to be filed) are examined as a part of the determination process. It is in the failure of the petitions or in the proof of facts (as such is made in appellate courts) essential to the relief sought therein that so many petitioners, otherwise entitled to the "ear of the court", fail even to obtain leave to file their petitions.

Since the desired original proceeding was for mandamus we will speak, henceforth, to that form of original proceeding.

■ In mandamus actions greater certainty of the pleadings and the facts to be established by modes appropriate in appellate courts are required. These, generally, are by authenticated copies of pertinent papers from the clerks of the district or county courts, certificates of court officials including the judge, and by affidavits in verification of the petition, of material facts made a part of the petition, and of the exhibits desired to be considered as evidence.

Every fact necessary to show why the relator is entitled to the relief sought must be set out in the petition clearly, fully, and unreservedly, by direct and positive allegations. The facts material to the proceeding must be presented by such a positive statement of knowledge by affiant(s) as would constitute a basis for a charge of perjury if the facts were found to be untrue.

■ In the motion for leave to file under test we seek in the petition and instruments made a part of it (which petitioner desires we grant leave to file) information upon the pleadings which are on file in the district court of Judge Valderas. When we do this we find no authenticated copy of any court paper by which we could determine jurisdiction, venue, prayer for relief by any litigant, nor issues made or desired to be made in the trial court. There is representation that in a certain numbered and styled cause pending in the court no judgment or temporary orders had been signed and entered by Judge Valderas though pronounced by him on May 9, 1978 and against the petitioner; and there is the affidavit of the Deputy District Clerk specifically assigned to Judge Valderas' court to the effect that no judgment or temporary orders had, as of May 7, 1978, been signed or delivered to be entered in the records of the cause of the Office of the District Clerk. (Noticed is that Petition for Leave to File was by the clerk of this court received December 11, 1978. Thus the Deputy Clerk's affidavit actually proves nothing material for our consideration, the time named in the affidavit having no necessary relation to the date petitioner's motion was filed.)

Furthermore noticed is that no docket sheet is presented, and no certificate—or even letter—of the trial court in explanation of the reasons for action or non-action of which the petitioner believes herself aggrieved. Further, there is no affidavit showing request made of the court therefor and that there has been refusal of Judge Valderas to accommodate in making proper proof for presentation to this Court. The presumption, in the absence of any proof to the contrary, is that a trial judge is dispassionate and unbiased, anxious to aid any complainant in obtaining action of the appellate court to which there might be entitlement, even if the result would be that he be commanded upon some duty by Writ of Mandamus. That presumption obtains here as applied to Judge Valderas.

By reason of the foregoing petitioner must be held to have failed to establish any right to be heard on her original proceeding.

Motion for leave to file petition for mandamus is denied.