Gregory A. WITHERSPOON, Relator,

v.

John POULAND, Respondent.

No. 05–90–00063–CV.

Court of Appeals of Texas,
Dallas.

Feb. 8, 1990.

Eliot D. Shavin, Dallas, for appellant.

John Pouland, Dallas, pro se.

Before ROWE, BAKER and
BURNETT, JJ.

OPINION

BAKER, Justice.

This is an original mandamus proceeding by which relator, Gregory A. Witherspoon, seeks to compel the respondent, John Pouland, Chair of the Dallas County Democratic Party, to place relator's name on the Democratic Party primary ballot for the position of Dallas County Democratic Party Chair.

In his petition and at oral argument, relator alleged that he timely filed his application with respondent seeking to have his name placed on the ballot as a candidate for the office of Dallas County Democratic Chair in accordance with the provisions of section 52.003 of the Texas Election Code.[1] Relator received a letter from respondent dated January 12, 1990, rejecting relator's application on the ground that "probable cause exists to believe that said application contains a false oath." By letter dated January 17, 1990, relator requested respondent to state in writing the specific reasons for the rejection of relator's application. By letter dated January 18, 1990, respondent informed relator that it was well-known that relator was a follower of Lyndon LaRouche. Respondent further stated it is well documented that Lyndon LaRouche advocates the abolition of the democratic form of government which now exists in the United States. Respondent's determination was that relator could not, consistent with relator's well-known support of Lyndon LaRouche, support the laws and constitutions of the State of Texas and the United States and that support of the laws and constitutions is a requisite for candidacy under the Democratic Party By-laws. Respondent's conclusion was that relator's oath of support in his application was untruthful.

Respondent does not deny that relator timely filed his application in accordance with the Code provisions. Respondent alleges, however, that relator's petition should be dismissed and asserts three grounds: (1) there are fact disputes which require relator to first seek judicial relief in the district court; (2) the documents relator submitted with his petition for mandamus are not properly authenticated; and (3) relator's petition is fatally defective because it does not comply with the requirements of rule 121 of the Texas Rules of Appellate Procedure.

■ Respondent first contends that this Court is without jurisdiction because there exists disputed fact questions. *See West v. Solito,* 563 S.W.2d 240, 245 (Tex.1978). Respondent concedes that relator's application contains his oath to support the constitutions and laws of both Texas and the United States. However, respondent asserts that he has determined by independent investigation that relator supports Lyndon LaRouche who espouses principles contrary to the Constitution of the United States. Respondent contends that the validity of relator's oath presents a disputed fact issue which requires a judicial determination. We disagree. What this Court is called upon to determine is a legal question, that of whether respondent was clothed with the power to raise and determine an issue of fact by controverting the allegations contained in relator's application and then deciding the issue so raised. This is not a situation of a disputed fact issue. We reject respondent's contention that we are without jurisdiction because of disputed facts. *See Baker v. Porter,* 160 Tex. 488, 333 S.W.2d 594, 595 (1960); *Ferris v. Carlson,* 158 Tex. 546, 314 S.W.2d 577, 579 (1958); *Parker v. Brown,* 425 S.W.2d 379, 381 (Tex.Civ.App.—Tyler 1968, orig. proceeding); *Ramsey v. Marlowe,* 376 S.W.2d 438, 439 (Tex.Civ.App.—Tyler 1964, orig. proceeding).

Respondent's second ground for dismissal is that the documents relator attached to his petition are not properly authenticated. Respondent relies upon *Wright v. Valderas,* 575 S.W.2d 405 (Tex.Civ.App.—Fort Worth 1978, orig. proceeding), as authority for this assertion. In *Wright,* it appears that the relator did not attach any exhibits to her petition for mandamus except an affidavit of a deputy district clerk. There were no authenticated copies of court orders, a docket sheet, certificate, or even a letter in explanation for the trial court's action for which the complaint was raised. Also, in *Wright,* there were no affidavits by the relator in support of her allegation of the trial court's improprieties. The *Wright* court held that the facts needed to be supported by authenticated copies of pertinent papers from the district or county clerks, certificates of court officials including the judge, and affidavits in verifi-

---

**1.** Tex.Election Code Ann. (Vernon 1986), herein-    after referred to as the Code.

cation of material facts made a part of the petition and of the exhibits desired to be considered as evidence. *See Wright,* 575 S.W.2d at 407. In this case, relator swore to the petition personally. Relator swears that every factual allegation contained in the petition is true and correct. The petition recites that a true and correct copy of his application to respondent is attached as Exhibit "A" and that a copy of respondent's rejection letter is attached as Exhibit "B."

Supporting documents must be certified or sworn to. Tex.R.App.P. 121(a)(2)(C). *Wright v. Valderas,* 575 S.W.2d at 407. Respondent only generally asserts that the documents are not properly authenticated. He does not challenge relator's sworn petition, which alleges that the exhibits are true and correct copies. Additionally, we note that Exhibit "C" attached to respondent's sworn response is the same exhibit as relator's Exhibit "B." We hold that relator's exhibits are verified to the extent that they comply with Texas Rule of Appellate Procedure 121(a)(2)(C). *See Smith v. Caldwell,* 754 S.W.2d 692, 693–94 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding); *Johnson v. Hughes,* 663 S.W.2d 11, 12 (Tex.App.—Houston [1st Dist.] 1983, orig. proceeding); *Wright,* 575 S.W.2d at 407.

In respondent's third ground for dismissal, he contends that relator's petition is fatally defective because it does not comply with Texas Rule of Appellate Procedure 121(a)(2)(C). Respondent argues that relator's petition fails to set forth in a concise and positive manner all facts necessary to establish relator's right to the relief sought. We disagree. In our view, the petition does comply with the requirements of the rule. *See* Tex.R.App.P. 121(a)(2)(C). We overrule respondent's motions to dismiss.

■ We now consider the merits of the controversy. At oral argument, respondent, for the first time, raised the claim that because relator sought a party office and not a public office, the provisions of the Election Code did not preempt the Democratic Party rules and his actions in en-

forcing those rules. Respondent relies upon section 161.001 of the Code which provides that a political party retains all of its inherent powers except as limited by the Code. Respondent argues that because this section permits a party to retain all of its inherent powers, this permits the party to adopt its own rules and further permits him as Dallas County Democratic Chair to enforce those rules without being subject to any statutory standard established by other portions of the Code. We disagree.

Respondent's interpretation of section 161.001 fails to take into account the fact that it provides that a party retains all its inherent powers *"except as limited by the Code"* (emphasis added). Additionally, section 163.003 provides that the rules adopted by a political party must be consistent with state law. In our view, party rules and the actions of party officials must be consistent with and limited by the provisions of the Election Code and other applicable statutes. We hold that respondent's performance of his duties as Dallas County Democratic Party Chair in enforcing the laws of the State of Texas and the rules of the Democratic Party are subject to the provisions of the Election Code, including section 145.003 regarding the eligibility of candidates for nomination on the primary ballot.

■ Respondent asserts in this proceeding that relator's disqualification is proper because: (1) the oath taken by relator in his application is inconsistent with other facts—that is, because relator is an alleged follower of the beliefs of Lyndon La-Rouche, relator's oath that he will uphold the constitutions and laws of the State of Texas and the United States is false; and (2) that respondent has reason to believe, based on relator's conduct, that relator will refuse to support the Democratic Party's nominees.

The grounds asserted by respondent as the reasons for relator's ineligibility for a place on the ballot must be reviewed in light of the provisions of Code section 145.-003. Section 145.003(f) provides that a candidate may be declared ineligible only if: (1) the information on the candidate's appli-

cation for a place on the ballot indicates that the candidate is ineligible for the office; or (2) facts indicating that the candidate is ineligible are conclusively established by another public record. Respondent does not assert that relator's application contains information that indicates that relator is ineligible. There is no dispute that relator's application is in proper form and contains the information required for applications by Code section 141.031. Consequently, section 145.003(f)(1) does not apply.

The issue is whether the facts allegedly relied upon by respondent that relator is ineligible were conclusively established by another public record. Attached to respondent's pleading are three exhibits upon which respondent relied and which he contends conclusively establish the facts that relator is ineligible. Exhibit "A" is a memorandum which was prepared at respondent's own direction. This memorandum states that relator is a well-known supporter of Lyndon LaRouche and that LaRouche's philosophy holds for the abolition of democracy in the United States. Therefore, because relator is a LaRouche adherent, the oath that he took on his application is untrue and relator is ineligible for a place on the Democratic Primary ballot. Attached to respondent's memorandum are copies of pages of a biography of Lyndon LaRouche authored by Dennis King. The other exhibit relied upon by respondent is a photocopy of an article contained in the Saturday, January 13, 1990 edition of the Dallas Morning News.

Respondent argues that section 145.003(c) of the Code empowers him as Democratic County Chairman to declare a potential candidate ineligible if other facts establish ineligibility. Respondent argues that facts inconsistent with those alleged on the application cannot be ignored and that it is entirely appropriate for the ballot placement authority to inquire into those facts. In support of his action and as authority therefor, respondent relies upon *Hayes v. Harris County Democratic Executive Committee*, 563 S.W.2d 884 (Tex.Civ.App. —Houston [14th Dist.] 1978, orig. proceeding), and *McClelland v. Sharp*, 430 S.W.2d

518 (Tex.Civ.App.—Houston [14th Dist.] 1968, orig. proceeding). Respondent's reliance on these authorities is misplaced because those cases are distinguishable from the case before us.

It is true that section 145.003(f)(2) provides that a candidate may be declared ineligible if facts indicating that the candidate is ineligible are conclusively established by another public record. Under such circumstances, election officials may not ignore those facts. *Hayes*, 563 S.W.2d at 885; *McClelland*, 430 S.W.2d at 522. However, the rule is that election officials, charged with the duty of certifying names to properly appear on the ballot, have no authority to inquire into facts dehors the record. *Garcia v. Carpenter*, 525 S.W.2d 160, 161 (Tex.1975); *Weatherly v. Fulgham*, 153 Tex. 481, 271 S.W.2d 938, 940 (1954); *see also Ferris v. Carlson*, 314 S.W.2d at 579. Unless the facts relied upon for disqualification are conclusively established by another public record, the election official is without authority to rely upon them. *Garcia v. Carpenter*, 525 S.W.2d at 161; *Weatherly v. Fulgham*, 271 S.W.2d at 941.

In *Hayes*, the act of disqualification was the candidate's felony conviction. This fact was conclusively established by public record by the judgment of conviction. In *McClelland*, the facts for disqualification were established by the public records of the prospective candidate's voter registration for two separate years and his voting record in three different elections. These public records conclusively established that the prospective candidate was ineligible for the office that he sought. In our view, the "records" relied upon by respondent to conclude that relator's oath was false are not those kinds of public records contemplated by the Code. We hold that the documents relied upon by respondent are not public records and do not conclusively establish facts that relator is ineligible to apply for a place on the ballot for the position of Dallas County Democratic Party Chair. Absent public records clearly establishing relator's ineligibility, respondent had no power to go behind the recitals in relator's

sworn application and make determinations contrary thereto with respect to relator's oath. *See Garcia,* 525 S.W.2d at 161; *Baker v. Porter,* 333 S.W.2d at 595.

■ Respondent's second ground for ineligibility is that he had reason to believe, based upon relator's conduct, that relator will refuse to support the party's nominees. A request made under Code section 141.031 for a place on a party primary ballot imports a present good faith intention of affiliating with the party. *See Cantrell v. Carlson,* 158 Tex. 528, 314 S.W.2d 286, 288 (1958). Past or present words or conduct may open that intention to doubt and question. However, party officers and executive committees may not decide the issue against the candidate and upon so deciding refuse to place his name on the party primary ballot. *Cantrell,* 314 S.W.2d at 288. The power to pass on the sincerity of the candidate's pledge and to endorse or condemn his past party record is to be exercised by the party voters. *Love v. Wilcox,* 119 Tex. 256, 28 S.W.2d 515, 525 (1930); *see also McDonald v. Calhoun,* 149 Tex. 232, 231 S.W.2d 656 (1950). Because respondent had no authority to inquire into facts outside the record, and because relator was eligible under applicable Code provisions, it follows that relator has shown a clear legal right under the requirements of the Code to have his name placed upon the Democratic Party Primary ballot for the position of Dallas County Democratic Party Chair. *Cantrell v. Carlson,* 314 S.W.2d at 288; *Weatherly v. Fulgham,* 271 S.W.2d at 941. The writ of mandamus as prayed for will issue.

Because of the short time between the rendition of our order and the date for printing and distribution of the official ballot, no motion for rehearing will be entertained. *Ferris v. Carlson,* 314 S.W.2d 295, 298 (Tex.Civ.App.—Dallas 1958, orig. proceeding); *Sterrett v. Morgan,* 294 S.W.2d 201, 205 (Tex.Civ.App.—Dallas 1956, no writ).